IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRIDENT HOLDINGS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-401 (CFC) |
| | ) |
| HUBSPOT, INC., | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

## DEFENDANT HUBSPOT, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF TRIDENT HOLDINGS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant HubSpot, Inc. ("Defendant" or "HubSpot"), by and through its undersigned counsel, hereby answers the allegations of Plaintiff Trident Holdings, Inc.'s ("Plaintiff" or "Trident") Complaint for Patent Infringement ("Complaint"). To the extent not expressly admitted, all allegations in the Complaint are denied. The inclusion of headings below is only for consistency with the Complaint and the headings are not admissions of the matters set forth in the headings.

### NATURE OF THE ACTION

1. HubSpot admits that the Complaint alleges a claim under the Patent Act, 35 U.S.C. § 271, *et seq.* HubSpot denies any liability.

## THE PARTIES

2.     HubSpot lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 of the Complaint, and on that basis denies them.

3.     HubSpot admits that it is a Delaware corporation with an office located at Level 10, 400 Montgomery Street, San Francisco, California 94111.

## JURISDICTION AND VENUE

4.     Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, HubSpot admits that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, HubSpot admits that this Court has personal jurisdiction over HubSpot.

6.     Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, HubSpot admits that venue is proper in this Court pursuant to 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

7.     HubSpot admits that U.S. Patent No. 6,236,977 (the "'977 Patent"), on its face, is titled "Computer Implemented Marketing System," and identifies an issue date of May 22, 2001. HubSpot further admits that what appears to be a copy of the

'977 Patent is attached to the Complaint as Exhibit A. HubSpot denies that on February 4, 2015, there was an assignment of the '977 Patent to Real Living, Inc., which was recorded at the United States Patent and Trademark Office at Reel/Frame 044346/0080. HubSpot lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7 of the Complaint, and on that basis denies them.

8. HubSpot admits that the '977 Patent, on its face, has 53 claims, 7 of which are independent. HubSpot lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 8 of the Complaint, and on that basis denies them.

9. HubSpot admits that HubSpot offers for sale a product called Sales Hub. HubSpot otherwise denies the allegations in Paragraph 9, and expressly denies any wrongdoing or infringement.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '977 Patent)**

10. HubSpot admits that Paragraph 10 of the Complaint purports to incorporate by reference the allegations in Paragraphs 1-9 of the Complaint. HubSpot incorporates by reference its above responses to those allegations.

11. Denied.

12. Denied.

13. Denied.

14. Paragraph 14 of the Complaint contains a reservation of rights by Trident to which no response is required.

15. Denied.

16. Denied.

## PRAYER FOR RELIEF

The paragraphs in the "Prayer for Relief" section of the Complaint set forth the statement of relief requested by Trident, to which no response is required. HubSpot denies any allegations contained in that section to which a response is required.

## DEMAND FOR A JURY TRIAL

HubSpot acknowledges that Trident demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

HubSpot asserts the following affirmative defenses against Trident's assertions of infringement. In doing so, HubSpot does not assume the burden of proof with respect to those defenses that rightfully should be placed on Trident. HubSpot reserves the right to amend its answer and affirmative defenses as additional information becomes known through discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Trident's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

HubSpot has not infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of, any valid and enforceable claim of the '977 Patent.

## THIRD AFFIRMATIVE DEFENSE
### (Patent Invalidity under 35 U.S.C. § 101)

The claims of the '977 Patent are invalid and unenforceable under 35 U.S.C. § 101 because they are directed to abstract ideas or otherwise non-statutory subject matter and do not include any inventive concept.

## FOURTH AFFIRMATIVE DEFENSE
### (Patent Invalidity under 35 U.S.C. § 102)

The claims of the '977 Patent are invalid and unenforceable under 35 U.S.C. § 102 because they lack novelty, and are taught and suggested by the prior art.

## FIFTH AFFIRMATIVE DEFENSE
### (Patent Invalidity under 35 U.S.C. § 103)

The claims of the '977 Patent are invalid and unenforceable under 35 U.S.C. § 103 because they are obvious in view of the prior art.

## SIXTH AFFIRMATIVE DEFENSE
### (Patent Invalidity under 35 U.S.C. § 112)

The claims of the '977 Patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

## SEVENTH AFFIRMATIVE DEFENSE
### (Equity)

The claims of the Asserted Patents are barred, in whole or in part, by the equitable doctrines of acquiescence, estoppel, and/or waiver.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Trident lacks standing to sue because the '977 Patent was not properly assigned to Trident.

## NINTH AFFIRMATIVE DEFENSE
### (Other Limitations on Damages)

Trident's claims for damages, if any, against HubSpot, are subject to the limitations on damages and recovery of costs imposed by 35 U.S.C. §§ 286 and 287.

## OTHER AFFIRMATIVE DEFENSES

HubSpot reserves the right to amend its Answer to assert further defenses based on future discovery in the lawsuit.

## COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counterclaimant HubSpot, Inc. ("HubSpot") hereby asserts the following counterclaim against Plaintiff and Counterclaim-Defendant Trident Holdings, Inc. ("Trident").

## THE PARTIES

1. HubSpot is a Delaware corporation with its principal place of business located at 25 First Street, Cambridge, Massachusetts 02141.

2. On information and belief, Trident is an Ohio corporation with its principal place of business located in Columbus, Ohio.

3. On March 19, 2021, Trident filed a Complaint for Patent Infringement, alleging that HubSpot has infringed one or more claims of U.S. Patent No. 6,236,977 (the "'977 Patent").

## JURISDICTION AND VENUE

4. This is an action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaration of the rights of the parties with respect to an actual controversy concerning the '977 Patent. Trident purports to be the owner and assignee of all rights in the '977 Patent. An actual controversy exists between HubSpot and Trident regarding the infringement of the '977 Patent. Further, as set forth above, Trident has taken actions—namely, alleging that HubSpot has infringed the '977 Patent and filing this lawsuit—that demonstrate the existence of a substantial controversy between parties having adverse legal interests of sufficient immediacy to warrant the issuance of a declaratory judgment.

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) for the claims herein arising under the

United States Patent Act, 35 U.S.C. § 1 *et seq.* The existence of this controversy is demonstrated by, for example, Trident's filing of this action.

6. This Court has personal jurisdiction over Trident because, among other things, Trident has availed itself of this Court by filing this action and asserting that HubSpot infringes the '977 Patent.

7. By filing its Complaint, Trident has consented to the personal jurisdiction of this Court and purports to assert claims against HubSpot for infringement of the '977 Patent.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Trident is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

9. Trident purports to be the lawful owner by assignment of all rights, title, and interest in the '977 Patent.

10. HubSpot denies infringement literally or by the doctrine of equivalents, of any valid, enforceable claim of the '977 Patent.

11. Upon information and belief, one or more claims of the '977 Patent are invalid for failure to meet the requirements of patentability of the Patent Act, 35 U.S.C. § 1, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.

12. An actual controversy has arisen and now exists between HubSpot and Trident as to the non-infringement and invalidity the '977 Patent.

## COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '977 Patent)

13. HubSpot realleges and incorporates by reference the allegations set forth above in its Answer to the Complaint and in Paragraphs 1-12 of its Counterclaim, as though fully set forth herein.

14. One or more claims of the '977 Patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 100 *et seq.*, including but not limited to, §§ 101, 102, 103, and/or 112. For example, one or more claims of the '977 Patent are directed to subject matter which is ineligible for patent protection pursuant to 35 U.S.C. § 101. One or more claims of the '977 Patent are directed to an abstract idea (such as identifying, ranking, and displaying data), and lack any inventive concept sufficient to transform the abstract idea into a patent-eligible invention. The claims of the '977 Patent do not purport to improve the functioning of a computer, or effect an improvement in any technology or technical field, and at most claim use of known and preexisting generic computers and computer technology to implement the abstract idea. Moreover, the abstract idea of identifying, ranking, and displaying data to generate marketing campaigns is a long-standing human practice and method of organizing human activity, long pre-dating the '977 Patent; the claims of the '977 Patent merely apply the idea and the methods using a computer.

15. In addition, the alleged invention of the '977 Patent does no more than combine familiar elements according to known methods to yield predictable results.

9

Any alleged improvement over the prior art set forth in the '977 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '977 Patent and would have had a reasonable expectation of success in doing so.

16. The subject matter claimed in the '977 Patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

17. The written description of the '977 Patent fails to describe the alleged invention, and the manner and process of making and using it, in sufficiently full, clear, concise, and exact terms so as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same.

18. One or more claims of the '977 Patent are vague and indefinite, and therefore invalid, for failing to particularly point out and distinctly claim the subject matter of the alleged invention.

19. HubSpot is entitled to a declaration that the claims of the '977 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, HubSpot respectfully requests the following relief:

A.   That the Court find and declare that each claim of the '977 Patent is invalid, and without any force or effect against any of HubSpot, and its officers, employees, and agents;

B.   That Trident take nothing by its Complaint, and that the Complaint be dismissed with prejudice;

C.   That the Court find and declare that this is an exceptional case under 35 U.S.C. § 285, and that HubSpot be awarded all of its costs, expenses, and attorneys' fees, together with pre- and post-judgment interest; and

D.   That the Court grant HubSpot such other and additional relief, in law or equity, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), HubSpot demands a trial by jury on all issues so triable.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jack B. Blumenfeld* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
|  | 1201 North Market Street |
| Brett M. Schuman | P.O. Box 1347 |
| Rachel M. Walsh | Wilmington, DE  19899 |
| GOODWIN PROCTER LLP | (302) 658-9200 |
| Three Embarcadero Center, 28th Floor | jblumenfeld@morrisnichols.com |
| San Francisco, CA  94111 |  |
| (415) 733-6000 | *Attorneys for Defendant* |

February 23, 2022

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 23, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Trevor Q. Coddington, Ph.D.<br>Charles A. Blazer, II, Esquire<br>Adam Turosky, Esquire<br>INSIGNE PC<br>701 Palomar Airport Road, Suite 230<br>Carlsbad, CA  92011<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)